UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS the motion to dismiss the class claims, GRANTS the motion to remand, and RENDERS MOOT the motion to compel arbitration and stay further proceedings.**

Before the Court is a motion to remand filed by Plaintiff Cesar Ramirez ("Plaintiff"), s*ee* Dkt. # 27 ("*MTR*"), and a motion to compel individual arbitration and stay proceedings pending completion of arbitration filed by Defendant C&J Well Services[1] ("Defendant"), *see* Dkt. # 23 ("*MTCA*"). Defendant opposed the motion to remand, *see* Dkt. # 30 ("*MTR Opp.*"), and Plaintiff replied, *see* Dkt. # 32 ("*MTR Reply*"). Plaintiff partially opposed the motion to compel arbitration, *see* Dkt. # 26 ("*MTCA Opp.*"), and Defendant replied, *see* Dkt. # 31 ("*MTCA Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion to dismiss the class claims, **DECLINES** to exercise supplemental jurisdiction over the PAGA claim, **GRANTS** the motion to remand, and therefore **RENDERS MOOT** the motion to compel arbitration and stay further proceedings.

I. Background

This is a putative wage and hour class action. Plaintiff was a crew worker for Defendant, an oil-well provider, from January 2018 through May 2019. *See First Amended Complaint*, Dkt. # 1-1, Ex B. ("*FAC*"), ¶ 6.

On November 18, 2019, Plaintiff filed this case in the Ventura County Superior Court. *See Complaint*, Dkt. # 1-1, Ex. A. Plaintiff filed his First Amended Complaint on December 12, 2019. *See generally FAC*. Defendant removed the case to federal court on January 17, 2020,

---

[1] Defendant was erroneously sued as C&J Well Service, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

invoking the Court's Class Action Fairness Act ("CAFA") jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 12–34. The case was transferred to this Court under General Order 19-03 as related to Case No. 2:19-cv-09317 PSG (SSx) ("*Ramirez I*"). *See* Dkt. # 8. In *Ramirez I*, Plaintiff alleges individual claims against Defendant based on Defendant's alleged retaliation and wrongful termination. *See Ramirez I*, Dkt. 1-1.

After granting in part and denying in part Defendant's motion to dismiss the FAC in the instant action, and denying Defendant's motion to strike the FAC, *see* Dkt. # 15, Plaintiff filed the operative Second Amended Complaint ("SAC") on April 25, *see Second Amended Complaint*, Dkt. # 16 ("*SAC*"). The SAC alleges the following causes of action on behalf of Plaintiff and a putative class: (1) failure to pay all wages, including overtime wages, *id.* ¶¶ 40–53; (2) meal period violations, *id.* ¶¶ 54–61; (3) rest period violations, *id.* ¶¶ 62–68; (4) failure to reimburse for required business expenses, *id.* ¶¶ 69–74; (5) failure to pay accrued vacation pay upon separation, *id.* ¶¶ 75–80; (6) late pay and waiting time penalties, *id.* ¶¶ 81–88; (7) failure to provide accurate itemized wage statements, *id.* ¶¶ 89–99; (8) unfair practice under the Unfair Competition Act ("UCL"), *id.* ¶¶ 100–108; and (9) statutory penalties pursuant to Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2699, *et seq.*, SAC ¶¶ 109–13.

Defendant again moved to dismiss. *See* Dkt. # 19. The Court denied the motion without prejudice for failure to meaningfully meet-and-confer in violation of Local Rule 7-3. *See Order Denying Defendant's Second Motion to Dismiss* Dkt. # 22, ("*July 27 Order*"). In its opposition to Defendant's second motion to dismiss, Plaintiff explained that Defendant produced an arbitration agreement, signed by the parties, on June 8, 2020, one week after it filed the second motion to dismiss. *See id.* at 2. The arbitration agreement contains a class action waiver. *See* Dkt. # 23-1, Ex. A ("*Arbitration Agreement*"), ¶ 4.B. In light of the arbitration agreement and class action waiver, Plaintiff sought leave to amend its complaint to remove class action allegations. *See* Dkt. # 20 at 6. In denying the motion to dismiss, the Court noted its agreement with Plaintiff that "much of this law and motion could have been avoided had Defendant simply produced the arbitration agreement for Plaintiff's counsel to review earlier in the litigation." *See July 27 Order* at 2.

Defendant then moved, in both *Ramirez I* and the instant action, to (1) compel individual arbitration, (2) dismiss the class claims in this action in accordance with the class action waiver in the arbitration agreement, and (3) stay proceedings in the PAGA claim pending arbitration. *See MTCA*; *Ramirez I*, Dkt. # 13. Plaintiff does not oppose Defendant's requests to (1) compel arbitration and (2) dismiss the class claims. *See MTCA Opp.* 7:20–21 ("Plaintiff has already (*months ago*) offered to stipulate to the first two requests for relief sought in Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

motion"). Instead, Plaintiff (1) opposes Defendant's request that the PAGA claim be stayed, *see id*. 7:21–28, and (2) moves to remand the matter, arguing the Court no longer has jurisdiction under CAFA because the only remaining claim in this action is under PAGA, *see id*.; *see generally MTR*.

Because Plaintiff does not oppose Defendant's motion to dismiss the class claims, the Court **GRANTS** Defendant's motion to dismiss those claims. Accordingly, the first eight causes of action are **DISMISSED**. Thus, the only remaining cause of action is the PAGA claim.

Because the Court lacks CAFA jurisdiction over the remaining PAGA claim, and because the Court declines to exercise supplemental jurisdiction over the PAGA claim after dismissing the class claims, the Court **GRANTS** Plaintiff's motion to remand. Therefore, the Court **RENDERS MOOT** Defendant's motion to compel arbitration and stay the proceedings because it no longer has jurisdiction over the matter. *See Echevarria v. Aerotek, Inc.*, 814 F. App'x 321, 322 (9th Cir. 2020) (vacating the district court's ruling on preemption of a PAGA claim for lack of jurisdiction after the plaintiff voluntarily dismissed its class claims, thereby divesting the Court of jurisdiction under CAFA, and the district court declined to exercise supplemental jurisdiction over the PAGA claim).

II.     Legal Standard

   A.     Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

   B.     CAFA

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

III.  Discussion

Plaintiff asserts the Court lacks original jurisdiction under CAFA to decide the remaining PAGA claim because he voluntarily agreed to dismiss the class claims. *MTR* 3:10–14. In response, Defendant argues that the Court retains CAFA jurisdiction because (1) Plaintiff's class claims have not yet been dismissed from the action, *see MTR Opp.* at 7–11; (2) even if the class claims were dismissed, the Court still has jurisdiction under CAFA, *see id.* at 11–18, and (3) if the Court lacks jurisdiction under CAFA, the Court should exercise supplemental jurisdiction over the PAGA claim because the motion to compel arbitration was filed first, *see id.* 18–22.[2] The Court disagrees on all grounds, and addresses each argument in turn.

    A.  Whether Plaintiff's Class Claims Have Been Dismissed

Defendant makes the perplexing argument that Plaintiff's "unilateral offer" to dismiss his class-wide claims is insufficient to dismiss those claims. *See MTR Opp.* 7:5–10. But *Defendant* asked the Court to dismiss the class claims in its motion to compel individual arbitration. *See MTCA* 13:16–14:9 ("Because Plaintiff must arbitrate his claims against [Defendant] and has indisputably waived any right to pursue his claims on a class action basis, the Court should dismiss Plaintiff's putative class action claims"). Plaintiff agreed to dismiss these claims in his opposition to Defendant's second motion to dismiss, after finally receiving the arbitration agreement, *see* Dkt. # 20 at 6, and in his opposition to Defendant's motion to compel arbitration,

---

[2] Plaintiff also argues the Court lacks individual diversity jurisdiction over the action. *See MTR* at 6–11. Defendant does not address the argument, and therefore concedes it. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

*see MTCA Opp*. 7:20–23.  Defendant has even *acknowledged* this concession. *See MTC* 14:4–5 ("Plaintiff's counsel has already conceded that [dismissal] is the proper result").

Defendant now wishes to save these class claims, because, as explained below, they are the surest way to keep this case in federal court.  But Defendant cannot both seek to dismiss the class claims under the arbitration agreement and request that the Court maintain the claims solely for the purpose of retaining jurisdiction to rule on Defendant's motion to stay the case pending arbitration.  Either the Court has jurisdiction, and can rule on the claims, or it does not.

Defendant argues that the claims cannot be dismissed because "Plaintiff has not requested leave of court to file a further amended complaint." *See MTR Opp*. 8:16–22.  This argument lacks merit.  First, Defendant fails to cite any authority indicating that a party's voluntary dismissal of certain claims is insufficient for the Court to dismiss those claims.  Second, Plaintiff agreed to dismiss all class claims in connection with Defendant's second motion to dismiss, and the parties agreed that instead of filing a motion to amend, Plaintiff would agree to dismiss his class claims in his opposition to Defendant's motion to compel arbitration.  *See Declaration of Nazo Koulloukian*, Dkt. # 26-1 ("*Koulloukian Decl.*"), ¶¶ 10–11; *MTCA Opp*. 6:21–26.

It appears that Defendant, yet again, is seeking to take advantage of its own refusal to timely produce the arbitration agreement to Plaintiff.  *See Koulloukian Decl*. ¶¶ 2–7.  Plaintiff requested a copy of the arbitration agreement in January, but Defendant did not produce a copy of it until June 8.  *See id*. ¶ 7.  Thus, Plaintiff was unaware that his class claims were prohibited until he received the arbitration agreement.  As soon as Plaintiff learned the class claims were barred, he attempted to amend his complaint and withdraw the barred claims as described above.[3]

Rather than stipulate to arbitrate the individual claims and dismiss the class claims, as Plaintiff agreed to do once he had a copy of the arbitration agreement, *see Declaration of Sabrina A. Beldner*, Dkt. #23-2 ("*Beldner Decl*."), Ex. B; *MTCA Opp*. at 6, Defendant filed a motion to compel arbitration and dismiss the class claims, *see generally MTCA*.  Defendant's

---

[3] Defendant insists Plaintiff knew about the arbitration agreement on October 28, 2019, because Defendant's twentieth and twenty-first affirmative defenses in its answer to *Ramirez I* put Plaintiff on notice of the agreement.  *See MTR Opp*. 3:12–23.  However, even if Defendant's boilerplate answer put Plaintiff on notice that an arbitration agreement existed, it did not put him on notice of the terms in the arbitration agreement, including whether the agreement contained a class action waiver.  *See Ramirez I Answer*, Dkt. # 1-7, Ex. G at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

refusal to cooperate with Plaintiff has wasted Plaintiff's and this Court's time. As explained above, the class claims are **DISMISSED**, and therefore they cannot serve as a basis for CAFA jurisdiction.

      B.      <u>Whether the Court Retains CAFA Jurisdiction Without the Class Claims</u>

Defendant does not dispute that "a true PAGA-only action" is non-removable. *See MTR Opp*. 15:26–28; *see also Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 199 (9th Cir. 2014) ("CAFA provides no basis for federal jurisdiction" over PAGA claims). Defendant instead argues that Plaintiff's motion should be denied because CAFA jurisdiction is not destroyed by the belated removal of class claims. *See MTR Opp*. 11:3–6. Defendant relies on the rule in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). In *Saint Paul*, the Supreme Court held that, in diversity actions, "events occurring subsequent to removal . . . whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached" (the "*St. Paul* Rule"). *See id*. at 293; *MTR Opp*. 11:14–19.

Defendant is correct that the *St. Paul* Rule has been applied to CAFA actions. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010) (denial of class certification in CAFA action does not divest district of court of jurisdiction so long as jurisdiction was properly removed); *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009) (same); *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014) ("[F]ederal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action when filed—not how it subsequently evolves.").

However, district courts in this Circuit, and the Ninth Circuit itself, have held that dismissal of class claims, rather than denial of class certification, *does* divest the district court of CAFA jurisdiction. *See, e.g.*, *Echevarria*, 814 F. App'x at 322 ("The district court correctly determined that CAFA jurisdiction does not apply to Echevarria's remaining PAGA claim once he voluntarily dismissed the class action claims."); *Taragan v. Nissan N. Am.*, No. C 09-03660 SBA, 2011 WL 941132, at *4 (N.D. Cal. Mar. 16, 2011), ("Nissan has not presented the Court with any authority demonstrating that the Court has continuing jurisdiction under CAFA with respect to individual state law causes of action where, as here, the CAFA-based claims are no longer pending") *aff'd in part, rev'd in part on other grounds by Taragan v. Nissan N. Am., Inc.*, 475 F. App'x 221 (9th Cir. 2012); *Wellons v. PNS Stores, Inc.*, No. 18-CV-2913 TWR (DEB), 2020 WL 6203361, at *2 (S.D. Cal. Oct. 22, 2020) (implicitly recognizing that CAFA jurisdiction no longer existed over PAGA claims once class claims were dismissed); *Nevarez v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

*Costco Wholesale Corp.*, No. 2:19-CV-03454-SVW-SK, 2020 WL 1139810, at *1 (C.D. Cal. Mar. 9, 2020) (same).

The Court agrees with other courts in this Circuit that dismissal of class claims divests the district court of CAFA jurisdiction. In *United Steel*, the Ninth Circuit was concerned with the "jurisdictional ping-pong" that would occur if the district court was divested of CAFA jurisdiction after denial of class certification. 602 F.3d at 1090–91. This concern is not present here for two reasons.

First, Plaintiff has recognized the class action waiver in his arbitration agreement and has agreed to voluntarily dismiss his class claims based on this waiver. *See MTCA Opp*. at 6. Accordingly, the Court is not concerned about Plaintiff filing another putative class action in state court.

Second, class certification may require extensive discovery and factual development, and tends to occur at a later stage in the proceedings. *See, e.g., Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942–44 (9th Cir. 2009) (district court did not abuse its discretion in considering a motion for certification three weeks before the close of discovery). Here, while the Court has issued a substantive ruling on Defendant's first motion to dismiss, *see* Dkt. # 15, the parties have not engaged in discovery and a trial date has not been set. Thus, any concern that remand would waste judicial resources is unsubstantiated.

Accordingly, the Court no longer has CAFA jurisdiction over Plaintiff's PAGA claims. Thus, because Defendant conceded that individual diversity jurisdiction is not present in this suit, *see supra* note 2, the only possible basis for exercising federal jurisdiction over Plaintiff's PAGA claims is supplemental jurisdiction. As such, the Court next considers whether to exercise supplemental jurisdiction.

   C.  <u>Whether the Court Will Exercise Supplemental Jurisdiction Over the PAGA Claim</u>

The Court declines to exercise supplemental jurisdiction over the PAGA claim. Under 28 U.S.C. § 1367(c), the Court has discretion to decline to exercise supplemental jurisdiction. *See id*. In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court set forth several factors to consider when determining whether to decline supplemental jurisdiction after dismissing claims that previously provided the court with jurisdiction: (1) judicial economy, (2) convenience, (3) fairness, and (4) comity. *See id*. at 350 n.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

*i.    Principles of Comity*

Plaintiff argues that principles of comity favor remand because "PAGA is a purely state law creature, and the primary responsibility for developing and applying state law rests with the California courts." *See MTR Reply* 4:3–4 (quoting *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 2503377, at *5 (N.D. Cal. Jun. 17, 2019)).

The Court agrees. In PAGA cases, private citizens like Plaintiff "act as the proxy of agency of the state labor law enforcement agencies, representing the same legal right and interest as those agencies, in a proceeding that is designed to protect the public." *Amalgamated Transit Union, Local 17456, AFL-CIO v. Super. Ct.*, 46 Cal. 4th 993, 1003 (2009). PAGA is consistent with and advances California's public policy of "vigorously enforc[ing] minimum labor standards," *see* Cal. Lab. Code § 90.5(a), and it plays a "central role in enforcing California's labor laws," *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 439 (9th Cir. 2015).

Defendant asserts that the "primary pending dispute" between the parties is whether the mandatory stay provision in the arbitration agreement applies to Plaintiff's PAGA claim, and that the enforcement of the arbitration agreement is a question of federal law. *See MTR Opp.* 22:3–15. But that is not the primary dispute. The primary dispute is resolution of Plaintiff's wage and hour and wrongful termination claims. *See SAC; Ramirez I*, Dkt. # 1-1. And even if Defendant is correct that the mandatory stay provision is the "primary" dispute, the Court is not convinced that a federal court is a more proper venue for contract interpretation, even where the contract includes an arbitration clause. *See James v. Portfolio Recovery Assocs., LLC,* No. 14-CV-03889-RMW, 2015 WL 720195, at *2 (N.D. Cal. Feb. 20, 2015) ("[I]n determining whether parties have agreed to arbitrate a dispute, the court applies '*general state-law principles* of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration.'" (emphasis added) (citing *Mundi v. Union Sec. Life Ins. Co.,* 555 F.3d 1042, 1044 (9th Cir. 2009))).

Accordingly, this factor weighs in favor of declining supplemental jurisdiction.

*ii.    Judicial Economy, Convenience, and Fairness*

Defendant argues these factors weigh in favor of retaining jurisdiction because the Court has adjudicated several motions in both *Ramirez I* and the instant action, and therefore "[i]t would be a waste of judicial resources to rehash these issues before the state court." *See MTR Opp*. 21:1–10. The Court disagrees, primarily because the Court has not analyzed the merits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

Plaintiff's PAGA claim and has only noted that "Plaintiffs PAGA claim is derivative of his wage and hour claims." *See* Dkt. # 15 at 11; *see also Wellons*, 2020 WL 6203361 at *2 ("Judicial economy and convenience also weigh in favor of remand" because "the Court has not considered the merits of Plaintiffs' PAGA claims" and "although several motions for summary judgment have been filed by the Defendants . . . Plaintiffs have not yet filed oppositions, and those motions can be refiled, briefed, and argued in state court" and "no trial date has been set."); *Nevarez*, 2020 WL 1139810 at *2 (declining to exercise supplemental jurisdiction of the PAGA claims after dismissal of the non-PAGA claims over which the Court had original jurisdiction and holding that the continued adjudication of the PAGA claims would not serve judicial efficiency or economy because, among other things, the court had not yet examined the merits of the PAGA claims). Moreover, if Defendant had turned over the arbitration agreement *months ago*, the case would not be nearly as far along as it is. Thus, these factors also weigh in favor of declining supplemental jurisdiction.

Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over the PAGA claim. Because the Court lacks jurisdiction over the PAGA claim, the Court **REMANDS** the case to the Superior Court. And because the Court remands the case, the Court **RENDERS MOOT** Defendant's motion to compel arbitration and stay further proceedings for lack of jurisdiction.

IV.   Conclusion

For the foregoing reasons, the Court concludes as follows:

- The Court **GRANTS** Defendant's motion to dismiss the class claims for the following causes of action: (1) failure to pay all wages, including overtime wages; (2) meal period violations; (3) rest period violations; (4) failure to reimburse for required business expenses; (5) failure to pay accrued vacation pay upon separation; (6) late pay and waiting time penalties; (7) failure to provide accurate itemized wage statements; and (8) unfair practice under the Unfair Competition Act ("UCL").

- The Court **DECLINES** to exercise supplemental jurisdiction over the only remaining ninth cause of action under PAGA.

- The Court **GRANTS** Plaintiff's motion to remand the PAGA claim to state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-535 PSG (SSx) | Date | November 19, 2020 |
|---|---|---|---|
| Title | Cesar Ramirez v. C&J Well Service, Inc. | | |

- The Court **RENDERS MOOT** Defendant's motion to compel arbitration and stay further proceedings for lack of jurisdiction.

**IT IS SO ORDERED.**